Filed 1/14/16  P. v. Russell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C078693 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F03412) |
| v. | |
| NATHAN RUSSELL, | |
| Defendant and Appellant. | |

Defendant Nathan Russell robbed Oliver Hernandez (the victim) of his gold chain with pendant, his watch, and his cell phone while he flashed the brown handle of a gun that was in his waistband.  A jury found him guilty of robbery and receiving stolen property and found true he personally used a firearm during the robbery.  On appeal, defendant contends:  (1) the trial court abused its discretion in admitting a photograph of a gun found on the cell phone of defendant's cousin; and (2) the People presented insufficient evidence he personally used a firearm.  Disagreeing, we affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Around 2:45 p.m. on May 19, 2014, the victim, his younger brother, Jose Hernandez (the victim's brother), and their friend Jose Banuelos (the victim's friend) were walking down Elk Grove Boulevard to another friend's house. A green car driven by Joel Hundley-Vazquez passed them. The car had about five people inside. After the car passed them, it stopped and then made a U-turn back toward them. Two of the passengers, defendant and Alan Calderon, walked up to the victim, the victim's brother, and the victim's friend. Defendant told the victim, "Give me all of your stuff, or I'll shoot you or I'll cap you." The victim saw defendant lift his shirt in the middle toward his waistband. At that time, the victim's brother saw the brown handle of a gun. The victim's brother was scared for the victim because the victim was closer to defendant than he was. The victim handed over his gold chain with pendant, his gold-toned watch, and his cell phone. Defendant and Calderon walked back to the car, which then took off. The victim, the victim's brother, and the victim's friend continued walking toward their friend's house, and then the victim's brother called police.

The same day, police began investigating the robbery. Police learned from a cell phone company the current residential location of the victim's stolen cell phone.

Police went to the residence the next day (May 20, 1014) at 1:00 p.m. and saw defendant, his cousin Joshua Guerra (defendant's cousin), and Calderon standing outside. A red car picked up the three. Police stopped the car. Defendant had the victim's cell phone in his pants' pocket and was wearing the victim's watch. Defendant's cousin was wearing the victim's gold chain with pendant. Inside the car police found the cell phone of defendant's cousin. The cell phone had photographs of the cousin and also had photographs of defendant and Hundley-Vazquez. One photograph that was dated May 19, 2014, and time stamped 3:53 p.m. depicted defendant's cousin wearing the victim's gold chain with pendant. Another photograph dated that same day and time stamped 10:00 p.m. depicted defendant wearing the victim's wristwatch and the

2

defendant's cousin wearing the victim's gold chain with pendant. There were also three photographs of a gun with a brown handle dated May 12, 2014. At trial, the victim's brother testified the handle of the gun in one of the photographs looked similar to the handle of the gun he saw during the robbery.

On May 20, 2014, later in the day, police searched the residence that defendant and his cousin shared. Police did not find any firearms.

Police also went to Hundley-Vazquez's home and saw a green car parked out front.

## DISCUSSION

## I

*The Trial Court Was Within Its Discretion To Admit Into Evidence*
*The Picture Of The Gun Found On Defendant's Cousin's Cell Phone*

Defendant contends the trial court abused its discretion by admitting the photograph of the gun found on defendant's cousin's cell phone (the picture that at trial the victim's brother testified looked similar to the gun used in the robbery) because the People failed to authenticate the photograph and establish its relevance. We disagree on both points.

A writing, including a photograph, must be authenticated before it may be admitted in evidence. (Evid. Code, §§ 250, 1401.) "Authentication of a writing means (a) the introduction of evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is or (b) the establishment of such facts by any other means provided by law." (Evid. Code, § 1400.) The first step is to determine the purpose for which the evidence is being offered. (*People v. Goldsmith* (2014) 59 Cal.4th 258, 267.) There must be sufficient evidence for a trier of fact to find that the writing is what it purports to be, i.e., that it is genuine for the purpose offered. (*Ibid.*) The fact conflicting inferences can be drawn regarding authenticity goes to the photograph's weight as evidence, not its admissibility. (*Ibid.*) "A photograph or video recording is

3

typically authenticated by showing it is a fair and accurate representation of the scene depicted. [Citations.] This foundation may, but need not be, supplied by the person taking the photograph or by a person who witnessed the event being recorded. [Citations.] It may be supplied by other witness testimony, circumstantial evidence, content and location." (*Id*. at pp. 267-268.)

Here, as the trial court made the pretrial ruling regarding the admissibility of the gun photo, the court had before it the following evidence: The victim's brother told a police officer that during the robbery on May 19, 2014, defendant pulled up the front of his shirt, revealing the brown handle of a gun in his front waistband. Police later got a search warrant for defendant's cousin's cell phone. On defendant's cousin's cell phone were pictures of defendant holding the stolen cell phone and wearing the stolen watch and gold chain with pendant. Also on the cousin's cell phone was an image of a brown-handled gun taken on May 12, 2014. On November 4, 2014, the victim's brother was shown this cell phone picture, and the brother said he was unsure if the cell phone picture depicted the gun used in the robbery. In a pretrial hearing, defendant's cousin testified that the picture of the gun on his cell phone was a picture he downloaded from the Internet for a school project about teen gangs. He did not end up using the picture for the school project because it was too violent. He never saw this gun in person, and it was not a picture of the gun used in the robbery. After giving this testimony, the trial court specifically found the cousin's testimony "incredible" because defendant's cousin looked at defendant with "an expression that appeared to be searching for approval of what he had just said on the witness stand."

The trial court was well within its discretion to find the photograph was authentic, i.e., an authentic depiction of the gun used in the robbery. The picture of the gun and the gun itself had the same color handle. The picture of the gun was found on the cell phone of defendant's cousin, the same cell phone on which pictures of defendant with the robbed items were also found. And the cousin's demeanor after giving his testimony

4

about the picture of the gun indicated he was lying during his testimony to get approval from defendant.

The trial court was also well within its discretion to find the photograph relevant. " 'Relevant evidence' means evidence, including evidence relevant to the credibility of a witness or hearsay declarant, having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.)  The disputed facts were whether defendant robbed the victim with a brown-handled gun.  The photograph tended to show that defendant's cousin had access to a gun with a brown handle, that defendant's cousin spent time with defendant and they might have perpetrated the robbery together (the latter two inferences as indicated by the fact that the cousin had pictures of defendant with the robbery proceeds on his cell phone).

Thus, the trial court did not err in admitting into evidence the picture of the brown-handled gun found on defendant's cousin's cell phone.

II

*There Was Sufficient Evidence Defendant Personally Used A Firearm*

Defendant contends there was insufficient evidence of the firearm use enhancement because the victim never saw the gun and the only person who did, the victim's brother, was the person furthest away, and even with that, nobody saw defendant touch the gun or pull it from his waistband.  Contrary to defendant's argument, there was sufficient evidence he used the firearm.

The firearm use enhancement punishes for an additional 10 years "any person who, in the commission of [certain enumerated felonies including robbery], personally uses a firearm . . . .  The firearm need not be operable or loaded for this enhancement to apply." (Pen. Code, § 12022.53, subd. (b) & see subd. (a)(4) [robbery].)

5

When considering whether a defendant "personally use[d]" a firearm in the commission of the offense, the California Supreme Court has explained the following: "Although the use of a firearm connotes something more than a bare potential for use, there need not be conduct which actually produces harm but only conduct which produces a fear of harm or force by means or display of a firearm in aiding the commission of one of the specified felonies. 'Use' means, among other things, 'to carry out a purpose or action by means of,' to 'make instrumental to an end or process,' and to 'apply to advantage.' [Citation.] The obvious legislative intent to deter the use of firearms in the commission of the specified felonies requires that 'uses' be broadly construed." (*People v. Chambers* (1972) 7 Cal.3d 666, 672.)

Here, there was sufficient evidence defendant used the firearm when robbing the victim. Defendant told the victim, "Give me all of your stuff, or I'll shoot you or I'll cap you." The victim saw defendant lift his shirt in the middle toward his waistband. At that time, the victim's brother saw the brown handle of a gun. The brother was scared for the victim because the victim was closer to defendant than he was. It mattered not that only the victim's brother saw the gun's handle. The testimony of one witness was sufficient to prove the fact (i.e., that defendant had a gun in his waistband). (See *People v. Young* (2005) 34 Cal.4th 1149, 1181 [testimony of one witness is sufficient]. ) It also mattered not that only the victim's brother testified he was scared *because he saw the gun*, because the People were required to prove only that defendant "displayed a firearm in order to facilitate the commission of an underlying crime." (*People v. Granado* (1996) 49 Cal.App.4th 317, 325.) "To excuse the defendant . . . merely because the victim lacked actual knowledge of the gun's deployment would limit the statute's deterrent effect for little if any discernible reason." (*Id*. at p. 327.)

## DISPOSITION

The judgment is affirmed.

/s/ _____

Robie, J.

We concur:

/s/ _____

Nicholson, Acting P. J.

/s/ _____

Mauro, J.